**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-80964-CIV-HURLEY**

**KEVIN A. LAPHAM,**
**Plaintiff**

**CLOSED CASE**

**vs**

**FLORIDA DEPARTMENT OF CORRECTIONS and GERALD ABDUL-WASI, individually,**
**Defendants.**
_______________________________________/

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This is a §1983 case based on an alleged procedural due process violation pursuant to *Buxton v City of Plant City*, 871 F.2d 1037 (11th Cir. 1988). The case is before the court on defendants' motion for summary judgment [DE# 24]. For reasons discussed below, the court has determined to grant the motion and enter summary judgment in favor of both defendants.

**Facts & Procedural History**

Plaintiff Kevin A. Lapham (Lapham) was employed as a Correctional Officer Senior Inspector by the Florida Department of Corrections (DOC) from March 2, 2001 through June 3, 2003. On May 7, 2003, the DOC notified Lapham of its intent to terminate his employment based on his alleged failure to report violations of the law or department rules, conduct inconsistent with the maintenance of proper security and welfare of the institution and inmates, failure to answer truthfully questions relating to performance of his official duties, and falsification of forms or records. According to the Department, on February 10, 2003, Lapham allegedly learned from an inmate-informer at Glades Correctional Institution (GCI) ( Inmate Norman Alexander) that there

firearms on the compound, but failed to report this potential security breach to his supervisor until February 12, and then later lied about the day he discovered the information, claiming in his investigative report that he received the information from an "outside source" on February 12, 2003.

Lapham requested and received a pre-determination hearing conducted May 30, 2003, at which time he was allowed to present evidence to refute the charges. At conclusion of the hearing, the Department issued formal notice of termination, advising him of his right to appeal the decision to the Public Employees Relations Commission ("PERC" or "the Commission). [1]

On September 3, 2003, the PERC hearing officer issued a written 16-page recommendation and report recommending that Lapham's appeal be dismissed. On October 7, 2003, the PERC review panel accepted the recommendation and affirmed the plaintiff's dismissal, simultaneously issuing a Final Order which formally adopted the Hearing Officer's findings of fact, legal analysis and conclusions of law.

Plaintiff appealed the PERC ruling to the Florida Fourth District Court of Appeal, which affirmed the decision on February 2, 2005. *Lapham v Dept. of Correction*, 892 So.2d 1047 (Fla. 4th DCA 2005)(Table). This §1983 suit based ensued.

In their currently pending motion for summary judgment, defendants argue that any liberty interest in good name and reputation which Lapham holds was not violated here because the Department gave him all the process that is due to protect his right to a meaningful name clearing

---

[1]Because Lapham was a Permanent Career Service employee, he was entitled to and did appeal his discharge to the Public Employees Relations Commission (PERC). § 110.227(5)-(6), Fla. Stat. He participated in a PERC evidentiary review hearing on August 19, 2003, where he appeared through counsel, Isidro M. Garcia.

opportunity.

Opposing the motion, Lapham claims that there are debatable questions of material fact regarding the sufficiency of process attending his name clearing hearing. The crux of his claimed procedural due process deficiency appears to center on the lack of procedure for correcting or redacting false information allegedly placed in his personnel file during the course of the termination review proceedings, as opposed to the adequacy of the opportunity he had to present contrary evidence to or "the other side" of the story. [2]

**Discussion**

The Eleventh Circuit recognizes the existence of a liberty interest in one's good name and reputation, and has held that a procedural due process claim for deprivation of that liberty interest may arise where the state fails to provide an employee with an opportunity for a name clearing hearing when it publishes stigmatizing information in the employee's personnel file. *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000), citing *Buxton v City of Plant City,* 871 F.2d 1037 (11th Cir. 1989)(public employer is required to provide opportunity for post-termination name clearing hearing when stigmatizing information is made part of the public records or otherwise published).

To show that a deprivation of a public employee's liberty interest in his good name has occurred without due process of law under *Buxton,* the employee must prove the existence of

---

2

He contends that the DOC, acting through Defendant Abdul-Wasi, created a document that falsely claims Lapham was untruthful in making written and oral statements regarding the date he learned about the possible firearm security breach, and that this false information about his truthfulness derives from a false statement about the results of a voice stress analysis test performed on Inmate Alexander.

(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public[3] (5) by the governmental employer (6) without a meaningful opportunity for the employee to clear his name. *Cannon v City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

With regard to this last element, at issue here, the process due is that which will allow the aggrieved party to "clear his name." *Harrison v Wille*, 132 F.3d 679, 683 n. 9 (11th Cir. 1998).[4] This means that during the name clearing hearing the employee must have the opportunity to "support his allegations by argument however brief, and, if need be, by proof, however informal." *Campbell,* 741 F.2d at 145. "Because this opportunity [for a name clearing hearing] is not as strict as the process required before one can be deprived of a property interest, due process [is] satisfied by the same opportunities provided for notice and hearing from the termination itself." *Harrison 132* F.3d at 683 n. 9 .

In this case, Lapham was provided a pre-termination opportunity to clear his name at a predetermination conference which he did attend. Second, the state, through PERC, and its courts,

---

[3]The presence of stigmatizing information in an employee's personnel file that is made public record by a state entity, pursuant to statute or otherwise, constitutes sufficient publication to implicate the liberty interest under the due process clause. *Palmer v Stewart County School Dist.,* 178 Fed. Appx. 999 (11th Cir. 2006)(unpub). If state law exempts as confidential information collected by a state agency of department pursuant to the administration of state employment laws , then there is no "publication" of the reason for the employee's termination. Id.

[4]

Because the so called name clearing hearing "is provided simply to cleanse the reputation of the clamant, the hearing need not take place prior to his termination or to the publication of related information adverse to his interests." *Campbell v Pierce County Ga.* 741 F.2d 1342, 1345 (11th Cri. 1984); *see also Harrison*, 132 F.3d at 683 n. 9. Thus, a name clearing hearing may be constitutionally adequate even if it occurs *after* the public dissemination of reasons for the dismissal.

provided an ample opportunity to Lapham to appeal his termination, and, in the context of full evidentiary hearing, § 447.205(11) to attempt to clear his name. On this undisputed procedural history, Lapham received all the process he was due as a matter of law. The Department provided Lapham an opportunity to refute the charges of misconduct (i.e. to clear his name) which is all that is required to protect his liberty interest in his good name under the Fourteenth Amendment's Due Process Clause. *Wilson v Department of Children and Families*, 2006 WL 66723 (M.D. Fla. 2006).

To the extent that the opportunity for name clearing was not "meaningful" to him because the hearing officer failed to credit his testimony over that of other witnesses, i.e. to the extent that the defendant failed resolve the facts in a manner satisfactory to Lapham to correct the record to eliminate the alleged false charges, such allegations of unfairness do not render the process constitutionally inadequate.[5] *Hooper v City of Montgomery*, 2007 WL 2069851 (M.D. Ala. 2007), citing *Dressler v Jenne*, 87 F. Supp.2d 1308, 1318 (S.D. Fla. 2000).

It is undisputed that Lapham was given fair notice of pre and post termination hearings, and he invoked his right to attend those hearings. He was represented by counsel at the post termination hearing, and was allowed to present evidence supporting his version of the events at that time. He has not provided any proof that he was barred from presenting witnesses or introducing

[5]Plaintiff focuses on the alleged unreasonableness of Abdul Wasi's action in publishing information which was not fact checked for accuracy- i.e. he claims a reasonable actor in Abdul Wasi's shoes should have known that there was no factual basis to sustain the claim that Inmate Alexander informed plaintiff of the gun issue on February 10th as opposed to the 12th (the date the breach was reported). However, this approach rests on erroneous assumption that he has a constitutional right to accurate records which reflect on his integrity and good name.

He has instead a constitutional right to a meaningful opportunity to clear his name - i.e. a meaningful opportunity to present his side of the story. He was given this opportunity here, and does not have a corresponding right to challenge the accuracy of the fact findings made in the course of that hearing by the presiding officer.

evidence at this hearing.

Mindful that the name clearing hearing is not designed as a forum to adjudge guilt or innocence of the charges for which he was terminated – but rather is simply an opportunity for the employee to relate his side of the story, *see Campbell v Pierce County Ga.* 741 F.2d 1342, 1345 (11th Cir. 1984)(due process clause merely requires that the "claimant be accorded notice of the charges against him and an opportunity to support his allegations by argument, however brief, and if need be, by proof, however informal"), it is apparent that the DOC gave Lapham a name clearing hearing sufficient to satisfy procedural due process requirements. *Chernov v City of Hollywood*, 819 F. Supp. 1070 (S.D. Fla. 1993), *aff'd* 19 F.3d 1446 (11th Cir. 1994); *Allen v Georgia Dept. of Human Resources*, 2006 WL 22633987 (M.D. Ga. 2006).

Accordingly, the court finds as a matter of law that the DOC's procedures provided a constitutionally adequate "name clearing" hearing for Lapham, and that there are no genuine issues of material fact to submit to a jury on plaintiff's *Buxton* claim. *Hayden v Ala. Dept of Public Safety*, 506 F. Supp. 2d 944 (M.D. Ala. 2007)(due process satisfied where plaintiff had an opportunity during hearing before administrative law judge to refute the validity of the alleged stigmatizing charges against him); *Medina v City of Hialeah*, 2003 WL 1562281 (S..D. Fla. 2003); *Natale v Broward County*, 987 F. Supp. 926 (S.D. Fla. 1997)(rejecting notion that *Buxton* hearing was insufficient because plaintiff was not questioned as part of initial investigation, and report recommending termination was based on uncorroborated and unreliable testimony, noting that claimant "seems to have confused the name clearing hearing with a termination hearing regarding a due process deprivation of a property interest").

**Conclusion**

Finding no genuine issue of material fact on the existence of the asserted procedural due process violation, the court concludes that plaintiff's §1983 *Buxton* claim is without substantive merit as a matter of law and that defendants are entitled to entry of summary judgment accordingly.[6]

It is accordingly **ORDERED AND ADJUDGED**:

1. The defendants' motion for summary judgment [DE# 24] is **GRANTED.**

2. Pursuant to Rule 58, separate final summary judgment shall be entered in favor of the defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 16 day of January, 2009.

Daniel T. K. Hurley
United States District Judge

cc. All counsel

CLOSED CASE

---

[6]In light of this ruling, it is not necessary for the court to reach the sovereign immunity and qualified immunity defenses alternatively asserted by defendants DOC and Abdul-Wasi respectively.



For updated court information, visit unofficial Web site at http://us.geocities.com/uscts